THOMAS R. LUMSDEN, plaintiff in error, vs. ELLIS MANES, defendant in error.

Where a defendant is sued upon a note given in the year 1863, in part payment for property, of which he was in possession of an undivided half at the time of the trial, he is entitled to the benefit of the provisions of the Ordinance of 1865, notwithstanding his refusal to deliver up the property for the note. (R.)

Scaling Ordinance of 1865.    Before Judge JOHNSON. Talbot Superior Court.    March Term, 1872.

For the facts of this case, see the decision.

B. HILL; M. BETHUNE; E. H. WORRILL, for plaintiff in error.

W. A. LITTLE, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant on a promissory note for the sum of $1,500, dated

10th of October, 1863, and due 1st of January, 1865. The note was given in part payment of a mill. The mill was sold for $6,000 in Confederate money, was worth at the time of the purchase $2,000 in the present currency. Defendant had sold one half of the mill for Confederate money, and at the time of the trial was in the possession of the undivided half of the land and mill as *trustee for his wife.* The Court asked the defendant if he would give up the property to the plaintiff, he being willing to accept the same and surrender up to defendant his note. The defendant declined to give up the property to the plaintiff. The Court then charged the jury, " that the defendant was not entitled, under the state of facts, to any relief by way of reducing the note sued on, that the only relief for him was to surrender the land; that he must either give up the land and mill, or pay the note." The jury found for the plaintiff $1,500, with interest and costs of suit. The defendant excepted to the charge of the Court. This was a Confederate contract, and the equities of the parties were to be adjusted under the provisions of the Ordinance of 1865, which the defendant relied on in his plea to the plaintiff's action. In our judgment, the charge of the Court to the jury was error, the more especially as the defendant was in the possession of the property in *right of his wife,* and not in his own right.

Let the judgment of the Court below be reversed.